**2026 UT App 9**

## THE UTAH COURT OF APPEALS

WESTON CROSBIE,
Appellant,
*v.*
750 WEST OWNERS ASSOCIATION, TROY A. JUERGENS, RANDI
JUERGENS, DANNY MAUGHAN, ANTIDA MACEDONE,
AND JOHN MACEDONE,
Appellees.

Opinion
No. 20240892-CA
Filed January 23, 2026

Second District Court, Ogden Department
The Honorable Craig Hall
No. 230901089

Ken Brown and Zack Hadley,
Attorneys for Appellant

Blain H. Johnson, Robert L. Janicki, and Matthew A.
Jones, Attorneys for Appellees 750 West Owners
Association, Danny Maughan, Antida Macedone,
and John Macedone

Bradley L. Tilt and Felicia B. Canfield, Attorneys for
Appellees Troy A. Juergens and Randi Juergens

JUDGE JOHN D. LUTHY authored this Opinion, in which
JUDGES GREGORY K. ORME and RYAN M. HARRIS concurred.

LUTHY, Judge:

¶1 Weston Crosbie owns two numbered units in a commercial development in Harrisville, Utah. He also obtained deeds to two unnumbered parcels in the same development. When he did, the owners of the other numbered units asserted that the unnumbered parcels are designated in the development's

governing documents as common area and that the purported transfer of those parcels to Crosbie had no legal effect. Crosbie sued the other owners and the owners association, asserting (among other things) a claim to quiet title to the two unnumbered parcels in himself. The other owners and the owners association moved for summary judgment, which the district court granted, concluding that the governing documents unambiguously designate the unnumbered parcels as common area.

¶2      Crosbie appeals, contending that there is ambiguity in the governing documents as to whether the unnumbered parcels are common area, that there remains a genuine dispute of material fact as to the developers' intent regarding the unnumbered parcels, and that summary judgment was therefore inappropriate. We agree. Accordingly, we reverse the grant of summary judgment and remand this matter for additional proceedings consistent with this opinion.

BACKGROUND[1]

*The Creation of the Hart Community Ownership Development*

¶3      On July 17, 2015, Sean Hart Properties, LLC (the LLC) and the William C. and Shelley A. Hart Amended and Restated Trust (the Trust) (collectively, the Declarants) recorded a plat (the Plat) for the Hart Community Ownership Development (the Development). The Development covers roughly two acres of land mostly adjacent to 750 West in Harrisville. The map portion of the Plat is reproduced below. The same day the Declarants recorded the Plat, they recorded an associated Declaration of

---

1. "In reviewing a district court's grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party and recite the facts accordingly." *M.A. v. Regence BlueCross BlueShield of Utah*, 2020 UT App 177, n.1, 479 P.3d 1152 (cleaned up).

Covenants, Conditions, Easements and Restrictions (the Declaration).



*The Plat*

¶4     The Plat divides the Development—which is identified on the Plat as "Parcel 'A'"—into multiple, smaller parcels. Five of those parcels are identified as numbered units (the Units), which are each set back roughly twenty-two to twenty-four feet from 750 West.

¶5     Between the Units and the street are thirteen parcels labeled either "CA" or "LCA," which stand respectively for "COMMON AREA" and "LIMITED COMMON AREA." The Plat states, "CA = COMMON AREA," and it defines that term as follows:

> FOR COMMON USE OF ALL OWNERS OF COMMERCIAL UNITS IN [the Development] AS SPECIFIED IN [the Declaration] AND IN THE BYLAWS OF THE PROPERTY OWNERS ASSOCIATION, FURTHERMORE THE COMMON AREA IS DEDICATED AS PERPETUAL OPEN AREA AND AS EASEMENTS FOR PUBLIC AND PRIVATE UTILITIES.

The Plat states, "LCA = LIMITED COMMON AREA" and defines that term this way:

> PARKING USE FOR THE COMMERCIAL UNIT OWNERS ADJACENT TO AND WEST OF THE THE [sic] AREA DESIGNATED AS "LCA" AS SHOWN HEREON AND AS SPECIFIED IN [the Declaration] AND IN THE BYLAWS OF THE PROPERTY OWNERS ASSOCIATION, FURTHERMORE THE LCA AREA IS DEDICATED AS PERPETUAL EASEMENTS FOR PUBLIC AND PRIVATE UTILITIES.

¶6    The Plat identifies an additional parcel (the Trust Parcel) as belonging to the Trust. The Trust Parcel is a strip of land running along the diagonal, western border of the Development. A final, irregularly shaped parcel (the LLC Parcel) sits generally between the Units and the Trust Parcel. When the Plat and the Declaration were recorded, the LLC owned all of the land in the Development except the Trust Parcel.

¶7    Both the Trust Parcel and the LLC Parcel are marked in multiple places on the Plat with the abbreviation "PB." The Plat notes that "PB" stands for "PARCEL 'B,'" and it describes "PARCEL 'B'" in relevant part as follows:

> FOR COMMON USE OF ALL OWNERS OF COMMERICAL UNITS IN [the Development] AS SPECIFIED IN [the Declaration] AND IN THE BYLAWS OF THE PROPERTY OWNERS ASSOCIATION. FURTHERMORE THE PARCEL "B" AREA IS DEDICATED AS PERPETUAL OPEN AREA AND AS EASEMENTS FOR PUBLIC AND PRIVATE UTILITIES.

The Plat further notes, "PB PER [the Declaration] IS 'BASICALLY THE GLOBAL PARCEL A LESS THE UNITS, CA'S AND LCA'S.' SUCH ENCOMPASSES THE SEPARATE WILLIAM C. & SHELLY HART PARCEL."

*The Declaration*

¶8    The Declaration begins with recitals containing metes and bounds descriptions of Parcel A (i.e., the Development in full), the LLC Parcel, and the Trust Parcel. It also contains a recital that states, "The purpose of this instrument is to provide for the preservation of the values of both Units and Common Area within the Project, and for the maintenance of the Common Areas therein."

¶9 The Declaration further provides definitions of terms used therein, including the following:

- "1.06 '*Common Area*' shall mean all real property (including the improvements thereon) owned by the Association for the common use and enjoyment of the Owners, as identified in the Plat. The Common Area to be owned by the Association at the time of the conveyance of the first Unit shall constitute all portions of the Project, except the Units."

- "1.15 '*Owner*' shall mean any person who is the owner of record (as reflected by the records in the office of the County Recorder of Weber County, Utah) of a fee or undivided fee interest in any Unit, and any contract purchaser of any Unit."

- "1.16 '*Parcel A*' shall consist of the Project, the LLC Parcel and the Trust Parcel."

- "1.18 '*Project*' shall mean the Property to be divided into Units, including all structures, improvements, appurtenances and common areas located or constructed thereon or belonging thereto."

- "1.20 '*Unit*' shall mean and refer to any one of the numbered Units within the Project as such are shown upon and designated on the Plat for private ownership and individually numbered and are intended to be used and occupied by a single commercial enterprise."

¶10 Finally, the Declaration contains the following additional relevant provisions:

- "2.02 *Division into Units, Limited Common Area and Common Area.* The Project is hereby divided into five (5) Units, each consisting of a fee simple interest in a portion of the Project as said Project is defined in the Plat. The Limited Common Area is for the exclusive use and benefit of the Owner or Owners of the Units served thereby. All portions of the Project not designated as Units or Limited Common Area shall constitute the Common Area which shall be owned by the Association for the benefit of all Owners in accordance with the provisions of this Declaration."

- "4.02 *Title to Common Area.* Title to the Common Area within the Project shall be held in the name of the Association and is subject to the rights of any Owner to the non-exclusive use of the Common Area in any manner that does not hinder or encroach upon the rights of others and is not contrary to the provisions of this Declaration."

*The Weber County Plat Map*

¶11    The Weber County Recorder depicted the Development in the County's Plat Book. That depiction is reproduced below and was included without objection in the summary judgment materials. Rather than designate the entire Development as Parcel A, it identifies the LLC Parcel as "PARCEL A," and it combines the CA and LCA parcels into a single parcel labeled "COMMON AREA." The Weber County Recorder's depiction also replaces the Unit numbers with the names of the Units' subsequent, respective owners, and it labels the LLC Parcel as being owned by the LLC. The Recorder's depiction is otherwise consistent with the Plat's depiction of the Development.



*The Amendment*

¶12    On March 15, 2016, the Trust and the LLC executed an amendment and addendum to the Declaration (the Amendment). The Amendment added the following language to section 3.07 of the Declaration:

Common areas are those areas that presently are identified as Common Areas on the dedication plat of [the Development], which are the existing paved areas. Future expansion of any paved area, which may involve the real property described on the dedication plat of [the Development] as Parcel A will require the approval of at least 3 of the Unit Owners in [the Development]. Any proposal to expand the common areas will require a proposal to be submitted which includes the costs of improvements and the effect on assessments due for each [Unit] Owner. The proposal will be voted upon by the 5 Unit Owners and the owner of Parcel A. In the event of any other modification or improvement proposed to be made to Parcel "A" it is understood that the owner of Parcel A, together with a minimum of 3 Unit Owners must approve any modification or alteration of Parcel A.

At the time the Amendment was executed, the paved part of the Development consisted solely of the CA and LCA parcels. The Amendment was recorded on March 17, 2016.

*Ownership and Purported Conveyances of the Various Parcels*

¶13   As noted above, when the Plat and the Declaration were recorded, the Trust owned the Trust Parcel while the LLC owned the rest of the Development. Contemporaneous with the execution of the Amendment, the LLC deeded Unit 1 to Danny Maughan and Antida Macedone, who subsequently conveyed Unit 1 to themselves and John Macedone (the Unit 1 Owners). Later, the LLC deeded Units 2 and 3 to Troy A. and Randi Juergens (the Unit 2 & 3 Owners) and Units 4 and 5 to Crosbie. In 2019, the LLC deeded the CA and LCA parcels to the 750 West Owners Association (the Association). And in 2021, the Trust executed a deed purporting to convey the Trust Parcel to Crosbie,

and the LLC executed another deed purporting to convey the LLC Parcel to Crosbie.

*The Litigation*

¶14    The Unit 1 Owners and the Unit 2 & 3 Owners (collectively, the Unit Owners) recorded an affidavit in the Weber County Recorder's Office "to provide constructive notice" of "common area interests" and of an "invalid claim to fee estate." The affidavit stated that the Unit Owners objected to the purported conveyances of the LLC Parcel and the Trust Parcel to Crosbie and asserted that the deeds he received for those parcels were invalid. On September 16, 2022, Crosbie sent a letter to the Unit Owners, asserting that their recorded affidavit constituted a wrongful lien and demanding that the affidavit be released within ten days. The Unit Owners released the affidavit on September 29, 2022.

¶15    In 2023, Crosbie filed a complaint against the Association and the Unit Owners, in which he sought to quiet title to the Trust Parcel and the LLC Parcel in himself. He also asserted a wrongful lien claim alleging that the Unit Owners' affidavit was a wrongful lien and that it was not timely released.

¶16    The Unit 1 Owners, the Unit 2 & 3 Owners, and the Association filed separate answers to Crosbie's complaint. The Association also brought counterclaims against Crosbie for quiet title and unjust enrichment. The Unit 2 & 3 Owners brought a counterclaim against Crosbie for quiet title and crossclaims against the Association and one of the Unit 1 Owners for, primarily, breaches of various duties.

¶17    Following discovery, the Unit 2 & 3 Owners filed a motion for summary judgment asking the court to quiet title to the Trust Parcel and the LLC Parcel in the Association as "open areas for common use" and to dismiss Crosbie's wrongful lien claim. The Association and the Unit 1 Owners joined that motion. Together the Unit Owners and the Association argued that the Plat, the

Declaration, and the Amendment unambiguously designate the Trust Parcel and the LLC Parcel as common area to be held by the Association and, thus, that those parcels could not have been lawfully conveyed to Crosbie.

¶18 Crosbie opposed the motion. He argued that the Trust Parcel and the LLC Parcel were not designated as common area. Alternatively, he contended that the governing documents are ambiguous as to whether the Trust Parcel and the LLC Parcel were intended to be common area, and he submitted parol evidence tending to show that they were not intended as common area. Based on the asserted ambiguity and proffered parol evidence, Crosbie contended that a genuine dispute of material fact existed, making summary judgment inappropriate.

¶19 The district court granted the summary judgment motion. It determined that the governing documents unambiguously designate the Trust Parcel and the LLC Parcel as common area owned by the Association. It then concluded that because Utah law does not allow private ownership of common area in a subdivision, *see generally* Utah Code § 10-20-809(2),[2] the deeds purporting to convey the Trust Parcel and the LLC Parcel to Crosbie were invalid. The court then quieted title to the Trust Parcel and the LLC Parcel in the Association. And, having determined that Crosbie had no private ownership interest in the Trust Parcel or the LLC Parcel, the court concluded that he had "no basis whatsoever to assert any claim for a wrongful lien." Accordingly, it dismissed both of Crosbie's claims with prejudice.

---

2. At the time of the district court's decision, section 10-20-809 was codified as section 10-9a-606. *Compare* Utah Code § 10-20-809 (2025), *with* Utah Code § 10-9a-606 (2017). Because the substance of this section was not changed when it was recodified, we cite the current version for convenience.

¶20 Following the dismissal of Crosbie's claims, the Association stipulated to the dismissal of its counterclaims and the Unit 2 & 3 Owners stipulated to the dismissal of their counterclaim and crossclaims. The court dismissed those claims and entered a final judgment. Crosbie now appeals.

## ISSUE AND STANDARD OF REVIEW

¶21 Crosbie asserts that the district court erred by granting summary judgment in favor of the Unit Owners and the Association. "We review a district court's decision granting summary judgment for correctness, viewing the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *NetDictation LLC v. Rice*, 2019 UT App 198, ¶ 17, 455 P.3d 625 (cleaned up).

## ANALYSIS

¶22 Crosbie contends that there are "discrepancies and contradiction" between the governing documents that require a holding that they are ambiguous as to whether the Trust Parcel and the LLC Parcel are common area. He further contends that because there is a genuine dispute of material fact regarding how to resolve the ambiguity, the district court erred in granting summary judgment. We agree on both counts.

¶23 Our analysis proceeds in three parts. First, we provide an overview of applicable legal principles. Second, we identify the inconsistencies that give rise to ambiguity in the governing documents. Finally, we acknowledge the arguments of the Association and the Unit Owners against a determination of ambiguity and explain why we are not persuaded by them.

I. Applicable Legal Principles

¶24 We construe a declaration of covenants, conditions, and restrictions together with the plat to which it applies. *See View Condo. Owners Ass'n v. MSICO, LLC*, 2005 UT 91, ¶ 24, 127 P.3d 697; *B. Inv. LC v. Anderson*, 2012 UT App 24, ¶ 9, 270 P.3d 548. We also interpret plats and declarations in light of the statutes that govern them. *See B. Inv.*, 2012 UT App 24, ¶ 10.

¶25 Because "restrictive covenants form a contract between subdivision property owners as a whole and individual lot owners," "the interpretation of restrictive covenants is governed by the same rules of construction as those used to interpret contracts." *Cocks v. Swains Creek Pines Lot Owners Ass'n*, 2023 UT App 97, ¶ 23, 536 P.3d 130 (cleaned up). Plats are likewise construed according to the rules of contract interpretation. *See Rowley v. Marrcrest Homeowners' Ass'n*, 656 P.2d 414, 417 (Utah 1982) (implying that because "plats are writings," "parol evidence is inadmissible to explain or modify an unambiguous plat").

¶26 "The parol evidence rule requires courts to first look at the four corners of a written instrument to determine the parties' intent, rather than considering extrinsic evidence. But it is generally recognized that where a written instrument is ambiguous, such evidence is admissible to show the intent of the parties." *In re Evan O. Koller Revocable Living Trust*, 2018 UT App 26, ¶ 14, 414 P.3d 1099 (cleaned up). "Whether an ambiguity exists in a contract is a question of law." *Telegraph Tower LLC v. Century Mortgage LLC*, 2016 UT App 102, ¶ 39, 376 P.3d 333 (cleaned up).

¶27 "Ambiguities typically appear in [one of] two forms: An ambiguity in a contract may arise (1) because of vague or ambiguous language in a particular provision or (2) because two or more contract provisions, when read together, give rise to different or inconsistent meanings, even though each provision is clear when read alone." *Mellor v. Wasatch Crest Mutual Ins. Co.*, 2009 UT 5, ¶ 13, 201 P.3d 1004 (cleaned up).

¶28    Before declaring an ambiguity, "we attempt to give effect to each provision, and we look for a reading that harmonizes the provisions and avoids rendering any provision meaningless. An interpretation [that] gives effect to all provisions of the contract is preferred to one which renders part of the writing superfluous, useless, or inexplicable." *UDAK Props. LLC v. Canyon Creek Com. Center LLC*, 2021 UT App 16, ¶ 18, 482 P.3d 841 (cleaned up). Indeed, an attempt to "harmoniz[e] conflicting or apparently ambiguous contract language before concluding that provisions are actually ambiguous is an important step in the hierarchy of rules for contract interpretation." *LD III LLC v. Mapleton City*, 2020 UT App 41, ¶ 12, 462 P.3d 816 (cleaned up).

¶29    When attempts at harmonization fail and ambiguity exists, "the intent of the parties becomes a question of fact." *Telegraph Tower*, 2016 UT App 102, ¶ 39 (cleaned up). In that event, parol evidence "is admissible to clarify the meaning of [the] ambiguous provisions." *Rowley*, 656 P.2d at 417 (cleaned up). Then, only if the parol evidence produces no genuine dispute regarding the intent of the parties will summary judgment be appropriate. *See* Utah R. Civ. P. 56(a) ("The court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.").

## II. Ambiguity

¶30    Here, there are inconsistencies within the Development's governing documents as to whether the Trust Parcel and the LLC Parcel were intended by the Declarants to be common area. To illuminate those inconsistencies, we first identify provisions of the governing documents that indicate that the Trust Parcel and the LLC Parcel are common area. We then identify provisions that indicate otherwise.

A.    Provisions Indicating that the Trust Parcel and the LLC Parcel Are Common Area

¶31    The Declaration defines "Common Area" to "mean all real property . . . owned by the Association for the common use and enjoyment of the Owners, as identified on the Plat." This definition is consistent with the applicable statutory definition of "common areas," namely, "property that the association: (a) owns; (b) maintains; (c) repairs; or (d) administers." Utah Code § 57-8a-102(5).[3] The Plat then identifies both the Trust Parcel and the LLC Parcel as being part of Parcel B and explains that Parcel B is "FOR COMMON USE OF ALL OWNERS" and that it is "DEDICATED AS PERPETUAL OPEN AREA." These provisions viewed in isolation plainly indicate that the Trust Parcel and the LLC Parcel are common area.

¶32    The Association and the Unit Owners contend that a number of additional provisions in the Declaration work together to also indicate that the Trust Parcel and the LLC Parcel are common area. As to their interpretation of these additional provisions, we disagree.

¶33    First, the Association and the Unit Owners note that the Declaration says that a "Unit" is "individually numbered" and "designated on the Plat for private ownership" and that an "Owner" is "any person who is the owner of record . . . of a fee or undivided fee interest in any Unit." They then assert that these provisions mean that "owner[s] can only privately own [Units], which are only specially numbered [U]nits on the plat." However, the fact that the Units are numbered and designated for private

---

3. At the time the Declaration was executed, subsection 57-8a-102(5) was numbered as subsection 57-8a-102(4). *Compare* Utah Code § 57-8a-102(5) (2025), *with* Utah Code § 57-8a-102(4) (2015). Because the substance of the subsection has not changed, we cite the current version for convenience.

ownership by a person qualifying as an Owner does not preclude the possibility that other, unnumbered parcels in the Development might also be available for private ownership.

¶34    Second, the Association and the Unit Owners point to the following provisions of the Declaration:

- "The purpose of this instrument is to provide for the preservation of the values of both Units and Common Areas within the Project, and for the maintenance of the Common Areas therein."

- "1.06 *'Common Area'* . . . . The Common Area to be owned by the Association at the time of the conveyance of the first Unit shall constitute all portions of the Project, except the Units."

- "1.18 *'Project'* shall mean the Property to be divided into Units, including . . . common areas . . . belonging thereto."

- "2.02 *Division into Units, Limited Common Area and Common Area*. . . . All portions of the Project not designated as Units or Limited Common Area shall constitute the Common Area which shall be owned by the Association for the benefit of all Owners . . . ."

The Association and the Unit Owners contend that these provisions divide the Development into only two types of parcels—Units and common area. But this contention assumes that the Project encompasses all of the Development, and it plainly does not. The Declaration provides that "Parcel A"—which in the Declaration means the Development in full—"shall consist of the Project, the LLC Parcel and the Trust Parcel." Thus, as per the definitions in the Declaration, the LLC Parcel and the Trust Parcel are not part of the Project, and the answer to whether they are common area must be gleaned elsewhere.

¶35 In short, some provisions of the governing documents plainly indicate that the Trust Parcel and the LLC Parcel are common area, but the additional provisions upon which the Association and the Unit Owners rely do not necessarily support that conclusion.

B. Provisions Indicating that the Trust Parcel and the LLC Parcel Are Not Common Area

¶36 While some provisions of the governing documents indicate that the Trust Parcel and the LLC Parcel are common area, other provisions indicate that they are not. First, the Plat states that Parcel B "ENCOMPASSES THE SEPARATE WILLIAM C. & SHELLY HART PARCEL," and it labels the Trust Parcel as belonging to the Trust. Because a person other than the Association may not separately own a parcel designated as a common area without certain approvals that have not occurred here, *see* Utah Code § 10-20-809(2), (5), the Plat's description of the Trust Parcel as a separate parcel owned by the Trust indicates that the Trust Parcel is not common area.

¶37 The Amendment also indicates that the Trust Parcel and the LLC Parcel are not common area. In relevant part, it states,

> Common areas are those areas that presently are identified as Common Areas on the dedication plat of [the Development], which are the existing paved areas. . . . Any proposal to expand the common areas will require a proposal to be submitted . . . . The proposal will be voted upon by the 5 Unit Owners and the owner of Parcel A.

This provision is in itself ambiguous. But, as explained below, the undisputed facts resolve its ambiguities for summary judgment purposes, and with those ambiguities resolved, the Amendment clearly indicates that the Trust Parcel and the LLC Parcel are not common area.

¶38 The first ambiguity in the Amendment is what is meant by "Parcel A." The Amendment's reference to Parcel A is ambiguous because the Plat and the Declaration define Parcel A as all of the property in the Development (i.e., "the Project, the LLC Parcel and the Trust Parcel"), which is plainly not what the Amendment means by Parcel A since the Amendment contemplates Parcel A as an individual parcel whose owner has certain voting rights. *See Vierig v. Therriault*, 2023 UT App 67, ¶ 14, 532 P.3d 568 (stating that a provision may be ambiguous "because of uncertain meanings of terms . . . or other facial deficiencies" (cleaned up)). Notably, however, the Weber County Plat Map's labeling corresponds with the usage employed by the Amendment. Specifically, it labels the LLC Parcel as Parcel A. It also labels the CA and LCA parcels together as "COMMON AREA." These labels are plainly consistent with the Amendment's usage of these terms. We therefore infer that (1) "the dedication plat" to which the Amendment refers is the Weber County Plat Map, (2) the "Parcel A" to which the Amendment refers is the LLC Parcel, and (3) the "Common Areas" to which the Amendment refers are the combined CA and LCA parcels. *See Ockey v. Club Jam*, 2014 UT App 126, ¶ 2 n.2, 328 P.3d 880 ("In reviewing a district court's grant of summary judgment, we view . . . all reasonable inferences drawn [from the facts] in the light most favorable to the nonmoving party . . . ." (cleaned up)).

¶39 The second ambiguity in the Amendment arises from its failure to state what "the existing paved areas" were when the Amendment was executed. *See Vierig*, 2023 UT App 67, ¶ 14 (stating that a provision may be ambiguous "because of . . . missing terms" (cleaned up)). However, that ambiguity is clarified by the foregoing recognition that the "COMMON AREA" on the Weber County Plat Map—i.e., the CA and LCA parcels—were "the existing paved areas" when the Amendment was signed. This is further confirmed by Crosbie's assertion in his opposition to the summary judgment motion (which assertion was supported by citation to material in the record) that when the

Amendment was executed, "[t]he existing paved area" consisted of the CA and LCA parcels. Because the Association and the Unit Owners did not contest Crosbie's assertion, we accept it as true for purposes of summary judgment. *See* Utah R. Civ. P. 56(a)(4) ("Each material fact set forth . . . in the memorandum opposing the motion . . . that is not disputed is deemed admitted for the purposes of the motion.").

¶40　Accordingly, with the ambiguities in the Amendment resolved (at least for purposes of summary judgment) in the light most favorable to Crosbie, the Amendment clearly indicates that the "[c]ommon areas are those areas that presently are identified as Common Areas on the [Weber County Plat Map], which are the [CA and LCA parcels]." By thus stating unqualifiedly that the CA and LCA parcels are the common area, the Amendment clearly indicates that the Trust Parcel and the LLC Parcel are not common area. This meaning is further bolstered as to the LLC Parcel by the fact that the Amendment presupposes that Parcel A—i.e., the LLC Parcel—will have an individual owner with voting rights. *See* Utah Code § 10-20-809(2), (5).

\* \* \* \* \*

¶41　In sum, certain provisions of the governing documents indicate that the Trust Parcel and the LLC Parcel are common area while others indicate that they are not. Because various provisions of the governing documents "give rise to different or inconsistent meanings, even though each provision is clear when read alone," the governing documents are ambiguous as to whether the Trust Parcel and the LLC Parcel are common area. *Mellor v. Wasatch Crest Mutual Ins. Co.*, 2009 UT 5, ¶ 13, 201 P.3d 1004 (cleaned up). Thus, parol evidence "is admissible to clarify the meaning of [the] ambiguous provisions." *Rowley v. Marrcrest Homeowners' Ass'n*, 656 P.2d 414, 417 (Utah 1982) (cleaned up). And because the Association and the Unit Owners have not established the lack of a genuine dispute of material fact as to what the parol evidence

will show regarding the Declarants' intent on this point, summary judgment was improper. *See* Utah R. Civ. P. 56(a).[4]

### III. Response to the Arguments Against Ambiguity

¶42 The Association and the Unit Owners present two arguments against the foregoing conclusion. The first is their identification of provisions in the governing documents that, according to them, indicate that the Trust Parcel and the LLC Parcel are common area. We have concluded that not all of the provisions the Association and the Unit Owners identify indicate

---

4. During the summary judgment proceedings, Crosbie submitted parol evidence suggesting that the Declarants did not intend the Trust Parcel and the LLC Parcel to be common area. For example, Crosbie produced a declaration by one of the trustees of the Trust, who stated that he "never intended for [the Trust Parcel] to be deemed common area" and that he allowed it to be included in the Development "only because [he was] told . . . the [Association] needed the space for a retention pond." Crosbie also submitted a declaration by the LLC's initial owner's daughter, who said that the LLC Parcel "was fenced off" and "used exclusively by [her father] prior to his death." The Association and the Unit Owners contend that even if we conclude that parol evidence is generally admissible to prove the Declarants' intent with regard to the Trust Parcel and the LLC Parcel, some of the parol evidence proffered by Crosbie in opposition to the summary judgment motion is nevertheless inadmissible under the Utah Rules of Evidence. We need not rule on the admissibility of Crosbie's challenged evidence under the rules because the Association and the Unit Owners produced no parol evidence of their own to establish the lack of a genuine dispute of material fact as to the Declarants' intent. Thus, they were not entitled to summary judgment in any event. We therefore leave issues regarding the admissibility of particular parol evidence for the district court to decide on remand.

that the Trust Parcel and the LLC Parcel are common area. *See supra* ¶¶ 33–35. More importantly, merely identifying provisions that accord with one's own interpretation does not negate the ambiguity created by the existence of provisions that clearly indicate a contrary intent.

¶43    Second, the Association essentially asserts that the various provisions of the governing documents can be harmonized in favor of its preferred interpretation. Specifically, it contends that the Amendment should be construed not as "in any way revok[ing], chang[ing] or alter[ing] the definition and designation of Common Areas in the Plat and [the Declaration]" but, instead, as merely "limit[ing] the Association's maintenance responsibilities to 'existing paved areas.'" Perhaps parol evidence will end up showing that this was the Declarants' intent. But harmonizing a document's various provisions does not mean abandoning the clear meaning of one in order to give effect to the plain meaning of another. *See Mellor v. Wasatch Crest Mutual Ins. Co.*, 2009 UT 5, ¶ 13, 201 P.3d 1004 (stating that an ambiguity exists when "two or more contract provisions, when read together, give rise to different or inconsistent meanings, even though each provision is clear when read alone" (cleaned up)); *Magnesium Corp. of Am. v. Air Quality Board*, 941 P.2d 653, 658–59 (Utah Ct. App. 1997) (interpreting a document by both "applying the 'plain meaning' rule *and* reading the [document] as a whole, with an eye to harmonizing all of its provisions" (emphasis added)). And here, the plain language of the Amendment—namely, that "[c]ommon areas are . . . the existing paved areas"—simply cannot be read to mean merely that the Association is responsible for maintaining the paved areas. Hence, we decline to adopt the Association and the Unit Owners' attempt at harmonization.

CONCLUSION

¶44    The documents governing the Development are ambiguous as to whether the Trust Parcel and the LLC Parcel are

common area because they contain two or more provisions that, when read together, give rise to different or inconsistent meanings on this point, even though each provision is clear when read alone. Accordingly, parol evidence is admissible to establish the Declarants' intent regarding the Trust Parcel and the LLC Parcel. And because the Association and the Unit Owners have not shown that the parol evidence on this point yields no genuine dispute of material fact, summary judgment was inappropriate. We therefore reverse the grant of summary judgment on Crosbie's claims and remand this matter for additional proceedings consistent with this opinion.

———————